**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4143**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

ROGER DALE FRANKLIN,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:14-cr-00081-RLV-DCK-1)

Submitted: November 22, 2016     Decided: November 29, 2016

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Samuel Bayness Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Roger Dale Franklin of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012); possession with intent to distribute methamphetamine, and aiding and abetting, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841(b)(1)(C) (2012); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012); and possession of a firearm in furtherance of a drug trafficking crime and aiding an abetting, in violation of 18 U.S.C. §§ 2, 924(c) (2012). The district court sentenced Franklin to 480 months in prison.

Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there are no grounds for appeal, but asserting that: (1) the district court should have suppressed evidence seized during the traffic stop that gave rise to three counts of conviction or, in the alternative, that the three convictions should be vacated because defense counsel was ineffective for failing to file a motion to suppress the evidence seized; and (2) the district court should have dismissed the firearms counts based on insufficient evidence. Franklin filed a pro se supplemental brief in which he asserts that trial counsel was ineffective, and also suggests that his

criminal history score was incorrectly calculated.* Finding no error, we affirm.

First, we find no reversible error in the district court's admission of evidence seized during law enforcement's August 19, 2013, search of the vehicle in which Franklin was a passenger. Whereas Federal Rule of Criminal Procedure 51 governs the preservation of most claimed errors in criminal cases, Federal Rule of Evidence 103(a) governs objections to the admission or suppression of evidence. Rule 103(a) expressly requires that, to preserve a claim of error as to the admission of evidence, the party must "timely object[]" and "state[] the specific ground, unless it was apparent from the context[.]" Fed. R. Evid. 103(a)(1). Because Franklin did not move to suppress the evidence that gave rise to the charges against him, we review Franklin's challenge to the admission of the seized evidence only for plain error. Fed. R. Crim. P. 52(b); <u>Henderson v. United States</u>, 133 S. Ct. 1121, 1126-27 (2013).

---

* We have considered Franklin's pro se arguments and find them to be without merit. Although Franklin points to several ways in which he asserts counsel's performance was constitutionally deficient, ineffective assistance does not conclusively appear on this record. Thus, Franklin's arguments are more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. <u>See</u> <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of Franklin's ineffective assistance of counsel claims.

To establish plain error, Franklin bears the burden of demonstrating that: (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson, 133 S. Ct. at 1126. If these three elements are met, we may exercise our discretion to notice the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted). We have reviewed the record and considered counsel's arguments and discern no plain error arising from the admission of the seized evidence. Cf. Michigan v. Long, 463 U.S. 1032, 1049 (1983) (holding that "the search of the passenger compartment of an automobile . . . is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons" (internal quotation marks omitted)); Pennsylvania v. Mimms, 434 U.S. 106, 112 (1977) (recognizing that where an officer concludes that a suspect is armed, the suspect "pose[s] a serious and present danger to the safety of the officer").

We also find no error in the district court's decision to deny Franklin's motion to dismiss the firearms charges against him. See United States v. Cloud, 680 F.3d 396, 403 (4th Cir.

4

2012) (recognizing that the denial of a Fed. R. Crim. P. 29 motion is reviewed de novo). This court must uphold a jury's verdict "if there is substantial evidence in the record to support it." United States v. Bailey, 819 F.3d 92, 95 (4th Cir. 2016) (internal quotation marks omitted). "In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the [G]overnment and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted).

In resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, and it must assume that the jury resolved all contradictions in testimony in favor of the Government. See United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). Thus, a defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We have reviewed the record in its entirety and considered counsel's arguments and conclude that the Government produced sufficient evidence to support Franklin's firearms convictions.

In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. We

5

therefore affirm the district court's judgment. This court requires that counsel inform Franklin, in writing, of the right to petition the Supreme Court of the United States for further review. If Franklin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Franklin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED